1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

JESUS KAMBER,

CASE NO. 09-CV-1723 JLS (NLS)

12

Plaintiff,

**ORDER GRANTING APPLICATION FOR ENTRY OF DEFAULT JUDGMENT**

vs.

13
14

ASSET CAPITAL MANAGEMENT GROUP,

(Doc. No. 6)

15

Defendant.

16
17

Presently before the Court is Plaintiff Jesus Kamber's motion for entry of default judgment

18

on his complaint against Defendant Asset Capital Management Group.  (Doc. No. 6.)  For the reasons

19

stated below, the Court **GRANTS** default judgment.

20

## BACKGROUND

21

On August 7, 2009, Plaintiff Jesus Kamber ("Plaintiff") filed suit against Defendant Asset

22

Capital Management Group ("Defendant"), alleging violations of the Fair Debt Collection

23

Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection

24

Practices Act, Cal. Civ. Code § 1788 *et seq.* ("Rosenthal Act").  (Doc. No. 1.)  Defendant was

25

personally served with the complaint on September 30, 2009.  (Doc. No. 3.)  Defendant did not

26

respond to the complaint, and Plaintiff requested entry of default against Defendant on October 28,

27

2009.  (Doc. No. 4.)  On October 29, 2009, the Clerk entered default against Defendant.  (Doc. No.

28

5.)  On November 23, 2010, Plaintiff filed for default judgment and served Defendant with the

1  application for default judgment.  (Doc. No. 6.)  Defendant has not responded.

2  **JURISDICTION**

3      The Court has personal jurisdiction over Defendant because Defendant has headquarters in

4  California.  (Doc. No. 6).  The Court has subject matter jurisdiction under federal question

5  jurisdiction.  28 U.S.C. § 1331 (2006).

6  **LEGAL STANDARD**

7

8      Once default is entered, courts have discretion in deciding whether to grant a default

judgment under Federal Rule of Civil Procedure 55(b).  *See Alan Neuman Prods., Inc. v. Albright*,

9  862 F.2d 1388, 1392 (9th Cir. 1988) (citing *Haw. Carpenters' Trust Funds v. Stone,* 794 F.2d 508,

10  511–12 (9th Cir. 1986); *Eitel v. McCool,* 782 F.2d 1470, 1471 (9th Cir. 1986); *Aldabe v. Aldabe,*

11  616 F.2d 1089, 1092 (9th Cir. 1980)).  The Ninth Circuit has set out seven factors for a court to

12  consider when exercising this discretion:

13

14      (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's
    substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at

15      stake in the action, (5) the possibility of a dispute concerning material facts, (6)
    whether the default was due to excusable neglect, and (7) the strong policy

16      underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

17  *Eitel*, 782 F.2d at 1471-72 (citation omitted).  "In applying this discretionary standard, default

18  judgments are more often granted than denied."  *Philip Morris USA, Inc. v. Castworld Prods., Inc.,*

19  219 F.R.D. 494, 498 (C.D.Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.,* 189 F.R.D. 431,

20  432 (C.D. Cal. 1999)).  When weighing these factors, well-pled factual allegations not related to

21  the amount of damages are taken as true.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18

22  (9th Cir. 1987) (quoting *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)); *see also*

23  Fed. R. Civ. P. 8(b)(6).  To prove damages, Plaintiff may submit declarations or the court may

24  hold an evidentiary hearing.  *See Affinity Group, Inc. v. Balser Wealth Mgmt.*, 2007 WL 1111239,

25  at *1 (S.D. Cal. Apr. 10, 2007).  However, "default judgments are ordinarily disfavored.  Cases

26  should be decided upon the merits whenever reasonably possible."  *Eitel*, 782 F.2d at 1472 (citing

27  *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)).

28  //

**ANALYSIS**

**I.     Default Judgment**

      **A.     Possibility of Prejudice to Plaintiff**

      The first *Eitel* factor contemplates the possibility that Plaintiff would suffer prejudice if default judgment is not entered.  *Eitel*, 782 F.2d at 1471; *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177.  Denial of default judgment would leave Plaintiff "without other recourse for recovery."  *Mantic Ashanti's Cause ex rel. Pinnock v. Darwish Plaza*, 2006 WL 1360969, at *4 (S.D. Cal. Apr. 21, 2006); *Philip Morris USA, Inc.,* 219 F.R.D. at 499.  The possibility of prejudice favors the Plaintiff in the instant case.

      **B.     The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint**

      The second and third *Eitel* factors address the substantive merits of the claim and the sufficiency of the complaint.  *Eitel*, 782 F.2d at 1472**.**  The Ninth Circuit has suggested that these factors require that plaintiffs' allegations "state a claim on which the [plaintiff] may recover."  *See Kloepping v. Fireman's Fund,* 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996) (quoting *Danning v. Lavine,* 572 F.2d 1386, 1388 (9th Cir. 1978)).  Many of Plaintiff's allegations are not sufficiently supported.  Moreover, most factual allegations are phrased in the past tense but give no date of occurrence for the Court to assess compliance with the one-year statute of limitations for claims under both the FDCPA and the Rosenthal Act.  *See* 15 U.S.C. § 1692k(d); Cal. Civ. Code § 1788.30.  Furthermore, the Court does not find sufficient factual allegations for equitable tolling.  Nevertheless, the Court finds that some allegations sufficiently support granting relief under the FDCPA and the Rosenthal Act.

      **1.     Alleged FDCPA Violations**

      Plaintiff first alleges Defendant violated sections 1692b(1)-(3) by "contacting a third party" and failing to comply with identification requirements, improperly "stating Plaintiff owes a debt," and "contacting a third party more than once."  (Compl. ¶ 24a–c.)  The only factual allegation given in support of these alleged violations is that "Defendant contacted third parties more than

once and disclosed the nature and existence of the alleged consumer debt." (Compl. ¶ 16.)  This

fails to meet the minimum pleading standard that "a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

—U.S.— 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Due

to Plaintiff's failure to identify any factual details aside from the minimum elements of the

statutory violation without so much as identifying a specific "third party" or any of the

circumstances surrounding such contact, the Court finds Plaintiff has not sufficiently alleged

Defendant violated sections 1692b(1)-(3) of the FDCPA.

Plaintiff next alleges Defendant violated section 1692c(b) by "communicating with

someone except the Plaintiff concerning the alleged consumer debt." (Compl. ¶ 24d.)  Plaintiff

again fails to identify any party contacted in addition to failing to address any of the exceptions

allowing contact with third parties.  15 U.S.C. § 1692b, c(b).  Thus, Plaintiff has failed to

adequately plead a violation of section 1692c(b).

Parroting the statutory language, Plaintiff alleges violations of sections 1692d, 1692d(5),

and 1692d(6).  (Compl. ¶ 24e-g.)  Section 1692d prohibits "conduct the natural consequence of

which is to harass, oppress, or abuse."  15 U.S.C. § 1692d.  Plaintiff's supporting factual

allegations that "Defendant constantly and continuously places collection calls to Plaintiff,"

including calling at work, is sufficient to merit granting default judgment.  (Compl. ¶¶ 14,15.)

However, the Court does not find that Plaintiff has sufficiently alleged the intent required for a

violation of section 1692d(5) which requires "intent to annoy, abuse, or harass any person at the

called number."

Section 1692d(6) prohibits "[e]xcept as provided in section 1692b of this title, the

placement of telephone calls without meaningful disclosure of the caller's identity."  15 U.S.C. §

1692d(6).  With regard to section 1692d(6), Plaintiff's only related factual allegation is that

"Defendant failed to properly identify itself when seeking and demanding payment for an alleged consumer debt." (Compl. ¶ 22.) While courts differ in their interpretations of "meaningful disclosure," the Central and Eastern Districts of California have stated that "meaningful disclosure" requires "the caller [s]tate his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call." *Costa v. Nat'l Action Fin. Servs.,* 634 F. Supp. 2d 1069, 1074 (E.D. Cal. 2007) (quoting *Hosseinzadeh v. M.R.S. Assocs., Inc.,* 387 F.Supp.2d 1104, 1112 (C.D. Cal. 2005)). Given the paucity of factual allegations, the Court does not find sufficient allegations establishing an absence of "meaningful disclosure."

Plaintiff next alleges Defendant violated section 1692e which forbids "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Specifically, Plaintiff alleges violations of 1692e(1), 1692e(4), 1692e(5), and 1692e(10). (Compl. ¶¶ 24h–l.) First, the Court notes that all section 1692e violations alleged are based in past events the dates of which are unknown. (Compl. ¶¶ 18–20.) Therefore, compliance with the one-year statute of limitations cannot be determined. While this is a significant deficiency in the alleged violations it is not dispositive. Section 1692e(1) prohibits "[t]he false representation or implication that the debt collector is . . . affiliated with the United States." The violation alleged is based on the assertion that "Defendant misrepresented themselves as a JAG officer in an attempt collect [sic] information regarding Plaintiff." (Compl. ¶ 20.) The Court finds the alleged violation of section 1692e(1) to be adequately pled. Section 1692e(4) prohibits "[t]he representation or implication that nonpayment of any debt will result in . . . garnishment . . . of . . . wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." Plaintiff alleges "Defendant threatened to garnish Plaintiff's wages while seeking and demanding payment for an alleged consumer debt. To date, no wages have been garnished." (Compl. ¶ 19.) The fact that wages have not been garnished does not adequately support the allegation that Defendant either did not have a legal right to garnish wages or did not intend to garnish wages. Section 1692e(5) prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." In support, Plaintiff alleges "Defendant threatened to file a lawsuit against Plaintiff while seeking and demanding payment for an alleged consumer debt. To date no lawsuit

has been filed." (Compl. ¶ 18.)  As above, this allegation does not sufficiently allege that Defendant had either no legal right or no intention to file a lawsuit.  Finally, plaintiff alleges a violation of section 1692e(10) which prohibits "the use of false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).  Plaintiff relies upon the above noted factual allegations contained in the complaint.  (Compl. ¶¶ 18-20.)  Violations of section 1692e should be analyzed under the "least sophisticated debtor" standard.  *Wade v. Regional Credit Ass'n,* 87 F.3d 1098, 1100 (9th Cir.1996) (citing *Swanson v. S. Oregon Credit Serv., Inc.,* 869 F.2d 1222, 1227 (9th Cir.1988)).  "The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd."  *Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir. 1993).  Considering the allegations as a whole, in light of the purpose of the "least sophisticated debtor" standard, the Court finds the alleged violation of section 1692e(10) is adequately pled.

Plaintiff next alleges "Defendant violated section 1692f of the FDCPA by engaging in unfair and unconscionable means to collect or attempt to collect an alleged debt."  (Compl. ¶ 24m.)  A complaint under section 1692f is "deficient [if] . . . it does not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA."  *Foti v. NCO Financial Systems, Inc.,* 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006) (citing *Tsenes v. Trans-Cont'l Credit and Collection Corp.,* 892 F. Supp. 461, 466 (E.D.N.Y. 1995)).  Here, Plaintiff fails to allege any facts not sufficiently covered under other sections of the FDCPA.  The Court therefore concludes Plaintiff's allegation under section 1692f must fail.

Plaintiff's final allegation under the FDCPA is that Defendant violated sections 1692g(a)(1)-(5) which govern written notice requirements regarding debt validation for debt collectors.  Plaintiff alleges that "Defendant failed to provide Plaintiff with a thirty (30) day validation notice."  Section 1692g(a), however, does not require a debt collector to provide a separate validation notice if the initial communication adequately informs the debtor of his ability to request debt verification.  15 U.S.C. § 1692g(a).  Plaintiff fails to provide any specific allegations concerning an initial communication and never alleges that this information was not given in the initial communication. The Court finds this violation insufficiently pled.

09cv1723

Having considered all alleged violations of the FDCPA, the Court has concluded Plaintiff has adequately alleged violations of FDCPA sections 1692d, 1692e(1), and 1692e(10).

### 2. Alleged Violations of the Rosenthal Act

Plaintiff's allegations under the Rosenthal Act are based on the same factual allegations as Plaintiff's allegations under the FDCPA and likewise suffer from similar deficiencies.

Plaintiff first alleges Defendant violated section 1788.10(e) which prohibits threatening garnishment of property or wages "unless such action is in fact contemplated by the debt collector and permitted by the law." Cal. Civ. Code § 1788.10(e). Here, the Plaintiff alleges only that garnishment was threatened and that no wages have been garnished, failing to adequately allege the action was either not contemplated or not permitted by law. (Compl. ¶ 19.)

Plaintiff next alleges Defendant violated section 1788.11(a) which prohibits "using obscene or profane language" by a "debt collector" in collection of a debt. Cal. Civ. Code § 1788.11(a). Plaintiff's Complaint offers nothing more than conclusory allegations in asserting that "defendant used profane and obscene language." (Compl. ¶ 17.) Without any factual detail, the alleged violation must fail as conclusory and insufficiently supported.

Next, Plaintiff alleges Defendant violated section 1788.11(b) which requires "disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents." Cal. Civ. Code § 1788.11(b). Plaintiff alleges "defendant failed to properly identify itself." This allegation is little more than a legal conclusion devoid of any factual detail.

The Court finds Plaintiff's next two allegations to be sufficiently pled. Plaintiff alleges violations of sections 1788.11(d), (e). Section 1788.11(d) bans "[c]ausing a telephone to ring repeatedly or continuously to annoy" and section 1788.11(e) bans "[c]ommunicating . . . . with the debtor with such frequency as to be unreasonable and to constitute an harassment." Cal. Civ. Code § 1788.11(d), (e). Plaintiff alleges that "Defendant constantly and continuously" calls Plaintiff including calling "Plaintiff at his place of employment despite being notified that Plaintiff cannot accept such calls." (Compl. ¶¶ 14-15.) The Court finds these allegations sufficiently pled.

Plaintiff's next alleges that "Defendant violated § 1788.11(a) of the [Rosenthal Act] by communicating with Plaintiff's employer regarding the consumer debt." (Compl. ¶ 31.) As previously noted, section 1788.11(a) prohibits "using obscene or profane language." 1788.11(a). Plaintiff fails to identify the relationship between the allegation and the cited provision. Even if the Court were to infer counsel meant to allege a violation of 1788.12(a), which prohibits "[c]ommunicating with the debtor's employer regarding the debtor's consumer debt," provision 1788.12(a) contains exceptions for necessity in the collection of the debt and for consent. Plaintiff's allegation offers no facts whatsoever concerning the alleged communication and thus would still fail as insufficiently pled.

Plaintiff next alleges that "Defendant violated section 1788.11(c) of the [Rosenthal Act] by communicating with third parties the nature and existence of the alleged consumer debt." (Compl. ¶ 31g.) The alleged misconduct is not clearly related to section 1788.11(c), which prohibits causing expenses for communications through misrepresenting the purpose of the communication. Even if the Court were to infer a violation of another section was intended to be alleged, the allegation does not offer enough factual support to be deemed sufficient.

Finally, Plaintiff alleges Defendant violated section 1788.17 "by continuously failing to comply" with the FDCPA. (Compl. ¶ 31h.) Section 1788.17 of the Rosenthal Act requires compliance with FDCPA sections 1692b to 1692j with certain limitations not relevant here. The Court has determined above that Plaintiff has sufficiently alleged violations of sections 1692d, 1692e(1), 1692e(10) and 1692g. Consequently, the Court finds the alleged violation of section 1788.17 of the Rosenthal Act is sufficiently pled.

In sum, the Court finds that Plaintiff has sufficiently pled violations of FDCPA sections 1692d, 1692e(1), 1692e(10), and 1692g in addition to Rosenthal Act sections 1788.11(d), 1788.11(e), and 1788.17. Therefore, to the extent of those well-pled violations, the second and third *Eitel* factors favor entry of default judgment.

### C.   The Sum of Money at Stake in the Action

The fourth *Eitel* factor directs the Court to examine the amount of money at issue. *Eitel*,

782 F.2d at 1471.  Here, Plaintiff requests an award of $5,032.00, compromised of: $2,000.00 in statutory damages; $2,132.00 in attorneys' fees; $400.00 in filing and service fees; and $500.00 in anticipated collection costs.  (App. for Default, at 19.)  This amount is relatively small, and thus favors entry of default judgment.

**D.      The Possibility of a Dispute Concerning Material Facts**

In the instant case a lack of potential for a dispute of the material facts favors Plaintiff. The Clerk entered default on October 29, 2010.  (Doc. No. 5.)  Once default has been entered, the Court is to take as true all well-pled factual allegations.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).  Because the Court has found at least some allegations to have been well-pled, there is no likelihood that any genuine issue of material fact exists as to these violations.  *Elektra Entm't Group Inc. v. Crawford,* 226 F.R.D. 388, 393 (C.D.Cal.2005)

**E.      Possibility of Excusable Neglect**

When a defendant has been served with notice of the complaint, as well as the application for default judgment, there is little or no potential for excusable neglect.  *J & J Sports Productions, Inc. v. Betancourt*, 2009 WL 3416431, at *3 (S.D. Cal. Oct. 20, 2009) (citing *Virgin Records America, Inc. v. Cantos*, 2008 WL 2326306, at *2 (S.D. Cal. Jun. 3, 2008)).  In the instant case, Defendant was both served with the complaint, (Doc. No. 3) and the application for default judgment.  (Doc. No. 6.)  Accordingly, the sixth *Eitel* factor supports entry of default judgment.

**F.      Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits**

"While the public policy favoring disposition of cases on their merits weighs against default judgment, that single factor is not enough to preclude imposition of this sanction . . . ."  *Rio Props., Inc. v. Rio Int'l. Interlink,* 284 F.3d 1007, 1022 (9th Cir. 2002).  "Moreover, [a] Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible.  *PepsiCo, Inc.,* 238 F. Supp. 2d at 1177 (C.D. Cal. 2002).  In light to the fact that all other *Eitel* factors favor entry of default judgment, the Court grants Plaintiff's motion for default judgment.

**II.    Damages**

The Court awards Plaintiff damages for violations of FDCPA sections 1692d, 1692e(1), 1692e(10), and 1692g and Rosenthal Act sections 1788.11(d), 1788.11(e), and 1788.17.  Plaintiff seeks damages totaling $5,032.00, consisting of: $2,000.00 in statutory damages; $2,132.00 in attorneys' fees; $400.00 in filing and service fees; and $500.00 in anticipated collection costs. (App. for Default, at 19.)

Under both the FDCPA and the Rosenthal Act, a plaintiff may recover damages not exceeding $1,000.  15 U.S.C. § 1692k(a)(2)(A); Cal. Civ. Code § 1788.30(b).  The Rosenthal Act provides for a minimum award of $100.  Cal. Civ. Code § 1788.30(b).  Damages may be awarded cumulatively under both statutes.  15 U.S.C. § 1692(n); Cal. Civ. Code § 1788.32).  The decision whether and what statutory damages to award is left to the discretion of the district courts.  *Jamal v. Thompson & Associates, P.C.*, 2010 WL 678925, at *2 (N.D. Cal. Feb. 25, 2010) (citing *Savino v. Computer Credit,* 164 F.3d 81, 86 (2d Cir. 1998)).  A court awarding statutory damages to an individual plaintiff under the FDCPA is directed to consider a noninclusive list of factors: "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."  15 U.S.C. § 1692k(b)(1).

While Plaintiff seeks the maximum statutory damages available under the FDCPA and the Rosenthal Act, the Court finds that Plaintiff has not sufficiently alleged violations supporting an award of maximum statutory damages.  Plaintiff has not alleged sufficient facts suggesting either egregious or willful violations.  In its discretion, the Court awards Plaintiff $400.00 for violations under the FDCPA and $400.00 for violations under the Rosenthal Act.

The Plaintiff also seeks $400.00 in filing and service fees.  (App. for Default, at 19.)  Both the FDCPA and the Rosenthal Act contain fee shifting provisions enabling the court to grant cost of the action.  15 U.S.C. § 1692k(a)(3); Cal. Civ. Code § 1788.30(c).  However, the proper vehicle to recover costs is through a Bill of Costs filed with the Clerk in accordance with local rules.  Thus, the Court must deny Plaintiff's request for filing and service fees.

1    The Plaintiff also requests $2,132.00 in attorneys' fees.  The Plaintiff may be awarded
2    attorneys' fees under both the FDCPA and the Rosenthal Act.  15 U.S.C. § 1692k(a)(3); Cal. Civ.
3    Code § 1788.30(c).  "District courts must calculate awards for attorneys' fees using the 'lodestar'
4    method . . . .  The 'lodestar' is calculated by multiplying the number of hours the prevailing party
5    reasonably expended on the litigation by a reasonable hourly rate . . . .  the lodestar figure is
6    presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the
7    lodestar to account for other factors which are not subsumed within it."  *Camacho v. Bridgeport*
8    *Financial, Inc.,* 523 F.3d 973, 978 (9th Cir. 2008) (citation and internal quotation marks omitted).
9    Plaintiff requests costs of $2,132.00 for 5.8 hours of attorney time at $290 per hour and 3.6 hours
10   of paralegal time at $125 per hours.  The Court considers this time expenditure reasonable and
11   therefore, grants Plaintiff $2,132.00 in attorneys' fees.

12        Finally, Plaintiff requests $500 in "anticipated collection costs pursuant to 15 U.S.C. §
13   1692k(a)(3)."  (App. for Default, at 19.)  As Plaintiff cites no other authority for this request and
14   15 U.S.C. § 1692k(a)(3) is inapplicable here, the Court denies Plaintiff's request for anticipated
15   collection costs.

16                                      **CONCLUSION**
17
18        For the reasons stated, Plaintiff's application for default judgment is **GRANTED** in the
     total amount of $2932.00.
19
20        IT IS SO ORDERED.
21
22   DATED:  July 13, 2010
23
                                            *Janis L. Sammartino*
24                                          _____
                                            Honorable Janis L. Sammartino
25                                          United States District Judge
26
27
28